*Dillon*

District Judge
Assign. by Clerk's Ofc.

*Memmer*

Mag. Referral Judge
Assign. by Clerk's Ofc.

IN THE UNITED STATES DISTRICT COURT

for the WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

JAN 16 2024

LAURA A AUSTIN, CLERK
BY: _____
DEPUTY CLERK

For use by Inmates filing a Complaint under

## CIVIL RIGHTS ACT, 42 U.S.C. §1983 or BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)

JOEL AARON BURRELL
Plaintiff full name

1201708
Inmate No.

v.

**CIVIL ACTION NO.** 7.24CV48
(Assigned by Clerk's Office)

David Anderson, et al.
Defendant(s) full name(s)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A. Where are you now?** Name *and* address of facility River North Correctional Center, 329 Dellbrook Lane, Independence, VA 24348.

**B.** Where did this action take place? River North Correctional Center

**C.** Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

_____ Yes    ✓ No

If your answer to A is Yes, answer the following:

1. Court: _____

2. Case Number: _____

**D.** Have you filed any grievances regarding the facts of this complaint?

✓ Yes    _____ No

1. If your answer is Yes, indicate the result:

Grievance Number: RNCC-23-WRI-00379, Yet to be answered: Grievance Number: RNCC-23-WRI-00377

2. If your answer is No, indicate why:

Defendant(s) full name(s):

2. K. Burcham / AW Secretary
River North Correctional Center
329 Dellbrook Lane
Independence, VA 24348

3. CJ MacVean / Unit Manager
River North Correctional Center
329 Dellbrook Lane
Independence, VA 24348

4. J. Harman - Intel
River North Correctional Center
329 Dellbrook Lane
Independence, VA 24348

5. Mailroom
River North Correctional Center
329 Dellbrook Lane
Independence, VA 24348

6. Earhart / LT.
River North Correctional Center
329 Dellbrook Lane
Independence, VA 24348

Page 2.

Defendant(s) full name(s):

7. L. Adkins / Law Library
River North Correctional Center
329 Dellbrook Lane
Independence, VA 24348

8. L. Frazier / Sgt
River North Correctional Center
329 Dellbrook Lane
Independence, VA 24348

9. Harold W. Clarke / Director
P.O. BOX 26963
Richmond, VA 23261

10. R. Perry / Manager - Ombudsmen Services Unit
P.O. BOX 26963
Richmond, Virginia 23261

D. Have you filed any grievances regarding the facts of this complaint? ___✓___ Yes _____ No

1. If your answer is Yes, indicate the result: has yet to be answered; Grievance Number: RNCC-23-WRI-00030 has yet to be answered by Next Action Date: 11/16/23; Grievance Number: RNCC-23-WRI-00031 which S. Sutfin responded to my Regular Grievance and attached Facility Request stating: " Your Flashdrive arrived this morning. 11/20. It was also mailed out today. 11/20."; Grievance Number: RNCC-23-WRI-00029 which S. Sutfin-Grievance Coordinator stating: "I have entered & sent receipts for any and all written complaints I have received from you. If you didn't get a receipt - I didn't receive it. I cannot and did not deny your right to the grievance procedure."; Grievance Number: RNCC-23-WRI-00002 which Lt. R. Hickman responded: "The USB was returned to the attorney that sent it to you, after you were advised a USB cannot be mailed to the facility for legal mail"; Grievance Number: RNCC-23-INF-01675 was responded to by B. Wagner, Ops Mgr stating: "Are you using the mailbox provided to General Population inmates for Facility Request? Facility request are to be sent via these mailboxes."; Grievance Number: RNCC-23-INF-01941 which haven't been responded to by Next Action Date: 11/2/2023; Grievance Number: RNCC-23-INF

Page 1

E. Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes.** If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

(a) RIGHT TO ACCESS THE COURTS VIOLATION: On 10/4/2023 a SanDisk USB Stick mailed from SmithLaw Firm, P.L.C. The Ethel D. Smith Building 133 Kings Way, Suite 3000

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

(a) RIGHT TO ACCESS THE COURTS VIOLATION: On 4/11/2023 Plaintiff submitted Grievance Number: RNCC-23-INF-00500 that he was not provided the notice for his attorney call

F. State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

Claim 1 (a) I seek for an Temporary Restraining Order

G. If this case goes to trial, do you request a trial by jury?    Yes ✓    No _____

H. If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address *after* I have been released or transferred or my case may be dismissed.

SIGNATURE: Joel Aaron Burrell     Date 12/4/2023

VERIFICATION:
I, JOEL AARON BURRELL , state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertations are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

SIGNATURE: Joel Aaron Burrell     Date: 12/4/2023

006623 which K. Burcham/AW Secretary stated: "There is no conspiracy here at River North. Your call was scheduled and you was given a notice"; Grievance Number: RNCC-23-INF-00622 which K. Burcham stated: "This has already been addressed through the written complaint process and you withdrew the complaint"; Grievance Number: RNCC-23-INF-01699 which C. MacVean stated: "Materials and appointments have been provided [although untimely].", Grievance Number: RNCC-23-INF-00954 which was never responded to by Next Action Date: 7/6/2023; Grievance Number: RNCC-23-INF-00500 which has yet to be answered; Regular Grievance dated: 5/16/2023 which H. Sutfin response on 5/22/2023 is "Attorney must initiate Appointment," and upheld by Regional Ombudsman Signature: K. Padrick; R. Perry, Manager, Ombudsman Services Unit responded to RNCC-23-INF-00622 which Perry upheld decisions made by the Institutional Ombudsman and the subsequent upholding of the decision by the Regional Ombudsman; Grievance Number: RNCC-23-INF-00592 unanswered

E. Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. Do not give any legal arguments or cite any cases or statutes. If necessary, you may attach additional page(s). Please write legibly.

Page 2

Claim #1 - Supporting Facts - Briefly tell your story without citing cases or law: Hampton, VA 23669 was received and confiscated by J. Harman - Intel. Review Exhibit #1 Notice of Confiscation of Property. On 10/5/2023 a Facility Request was written to Law Library requesting to review the data stored on USB Flashdrive. L. Adkins response on 10/6/2023 was:" USB Flash Drives are not permitted in the Law Library all personal legal information must be in CD form and formatted in Word. You will need to contact your lawyer and have the information put on a compatot disc (CD)." Then I've filed Grievance Number: RNCC-23-INF-01941 about being prohibited to utilize USB Flash Drive for the Re: Commonwealth of Virginia v. Joel Burrell

      Case No.: CR17 MM 1239-00 through -01


Lt. Hickman states that USB Flash Drive is prohibited by VADOC OP 866.3. IV. Law Library 7.(d):"CDs, with content in standard formats for documents, audios, and videos that are platform independent, are the only acceptable data storage format for legal materials; all other data storage devices as well as CDs in a non standard format are prohibited and must be disposed of in accordance with Operating Procedure 802.1, Offender Property." This is a violation of VA BILL OF RIGHTS - Section 8. Criminal prosecutions: "That in criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with

Page 3

the accusers and witnesses, and to call for evidence
In his favor...." S. Sutfin responded to that Regular
Grievance written on 11/13/2023 and 11/8/2023
addressing Grievance Number: RNCC-23-INF-01941 which
was unanswered and Grievance Number: RNCC-23-WRI-
00002. On 11/15/2023 via Facility Request S. Sutfin
stated: "After making a few phone calls your USB-flashdrive
has been located. It is in the mail on its way back to
RNCC. Tracking # 9114902200852213706541. It is
estimated to arrive 11/16-11/17. Once it arrives at RNCC
it will be sent to your attorney at Smith Law Firm PLC in
Hampton, VA. You will be notified when RNCC receives It
and mails it back out. Please consider withdrawing this
grievance." This is contrary to Lts R. Hickman,
Investigator response on 11/6/2023 in Grievance Number:
RNCC-23-WRI-00002 stating: "The USB was returned
to the attorney that sent it to you, after you were advised
a USB cannot be mailed to the facility for legal mail."
As you review in Exhibit #1 Notice of Confiscation of
Property form 10/4/2023 is the date I was first advised
a USB cannot be mailed to the facility for legal mail.
Therefore, my USB Flash Drive factually wasn't mailed to
my attorney. On 11/1/2023 my attorney Nicholas R. Hobbs,
Esq. stating: "You should be able to utilize the flash drive
as you are a pro se defendant." The Law Library
Computers are compatible with USB Flash Drive which validates

Page 4

that transferring data stored on USB Flash Drive isn't unduly hazardous to institutional safety or correctional goals." For a prisoner to proceed with claims in Post-conviction remedies, a prisoner must have access to evidence in his favor. To deny that right to access that evidence because of the storage device being prohibited, but compatible with Law Library computers is a violation of a right to access the courts. My Post-Conviction remedies have deadlines such as:

1. Habeas Corpus two-years from finalized conviction on 9/22/2023.
2. Writ of Actual Innocence (Non-Biological Evidence) two-years from finalized conviction on 9/22/2022.

That deadline haven't exceeded for either remedy, but DOC OP 866.3 IV. Law Library 7.(d) requirement to have data stored only in CD format is unconstitutional, if another storage device is compatible with Law Library computers and is the only format that an inmate can obtain. In fact, the letter dated: 11/1/2023, Nicholas R. Hobbs, Esq. stated: "There is too much information to fit on a disc." Thus, an inmate representing himself PRO-SE is barred from accessing case relevant information to present a meritorious claim.

(b) On 10/4/2023 J. Harman-Intel delivered mail from Smith Law Firm, P.L.C. The Ethel D. Smith Building, 133 Kings Way, Suite 3000 Hampton, Virginia 23669 that contained a USB

Page 5

Flash Drive which was confiscated by J. Harman - Intel. On 10/5/2023 I've written a Facility Request to Law Library requesting to access the data on USB Flash Drive. L. Adkins responded on 10/6/2023 Facility Request that "USB Flash Drives are not permitted in the Law Library all personal legal information must be in CD form and formatted in Words. You will need to contact your lawyer and have the information put on a compact disc (CD)." On 10/23/2023 J. Harman - Intel returned to my cell, to obtain the address, to mail the USB Flash Drive back to the correct address since two pieces of legal mail came in that day. Then the following Grievance Number: RNCC-23-WRI-00002 on 10/30/2023 was filed about receiving no confirmation from mail room that it has been mailed back to your attorney. Lt. R. Hickman, Investigator response on 11/6/2023 is: "The USB was returned to the attorney that sent it to you, after you were advised a USB cannot be mailed to the facility for legal mail." This is contrary to the S. Sutfin response on 11/15/2023 to the Regular Grievances 11/8/2023 and 11/13/2023 was: "After making a few phone calls your USB flashdrive has been located. It is in the mail on its way back to RNCC. Tracking # 9114 9022 0085 2213 7065 41. It is estimated to arrive 11/16-11/17. Once it arrives at RNCC it will be sent to your attorney at Smith Law Firm PLC in Hampton, VA. You will be notified when RNCC receives it + mails it back out. Please consider withdrawing this grievance." Therefore, it has

Page 6

been proven that Tracking # 9114 9022 0085 2213 7065 41
wasn't mailed to Smith Law Firm, P.L.C., The Ethel D. Smith
Building, 133 Kings Way, Suite 3000, Hampton, Virginia 23669.
Where was it mailed to? Then S. Sutfin - Grievance
Coordinator replied to Regular Grievance dated: 11/8/2023 and
11/13/2023 stated: " Your flashdrive arrived this morning. 11/20.
It was also mailed out today. 11/20. It may take longer than
expected to arrive due to it being a holiday week. You have
the tracking number: [9114 9014 9645 1911 7689 12] to keep
up with it." This is a hindrance in an inmate's access to
the courts because it wasn't mailed to the address provided
to J. Harman - Intel on 10/23/2023. The delay prohibits
my attorney from attempting to comply with DOC OP-866.3
IV. Law Library 7(d) and delays prisoner from acquiring
case relevant information needed for Post-Conviction remedies.
L. Adkins response on 10/6/2023 Facility Request indicates
that between 10/6/2023 and 11/20/2023 that my Attorney -
Nicholas Ryan Hobbs wasn't the subject of USB flashdrive for
Tracking #: 9114 9022 0085 2213 7065 41. Consequently, you
can infer that staff have read the documents out of the
presence of the inmate, without instructions from the Regional
Administrator and the Attorney General's office, nor with a
court order. This is a violation of DOC OP 866.3 IV. Law
Library 7(e) states: "Staff may only visually scan legal
CDs in the presence of the inmate; the documents cannot be
read without first obtaining instructions from the appropriate
Page 7

Regional Administrator and the Attorney General's office."

i. "Reading documents on a legal CD may require court approval based upon specified probable cause that a state or federal criminal statute was violated or there exists a valid threat to the security of the Institution."

ii. "Where such probable cause exists, staff my temporarily hold the CD until instructions are obtained or a court order is approved."

Clearly, this is a Right To Access The Courts violation as well as violating DOC OP 866.3 IV. Law Library 7(e)(i)(ii) by reviewing data pertaining to my case."

Claim #2 - Supporting Facts - Briefly tell your story without citing cases or law: until after the scheduled call on [3/30/20 23 @ 3:00 P.M.]. This written complaint wasn't answered by Next Action Date: 4/26/2023. On 5/3/2023 Plaintiff submitted a written complaint Grievance Number: RNCC-23-INF-00592 is that "written complaint ... for Attorney block requests ... been unanswered or unreturned." Plaintiff believe Regional Ombudsman ~~Sould~~ resolve the impeding of the grievance procedure. B. Wagner, Ops. Mgr. responded on 5/5/2023; "The next action date is the Grievance is 5/24/2023." On 5/24/2023 that grievance was still open. On 5/8/2023 Plaintiff submitted written complaint Grievance Number: RNCC-23-INF-00622 of being "highly-frustrated because

Page 8

I missed important deadlines due to miscommunication
or delay of communication between inmate and counsel."
Also on 5/8/2023 Plaintiff + Grievance Number: RNCC-23-
INF-00623 indicated that he received the Attorney Block
Request Notice on 3/31/2023 after his scheduled attorney
call on 3/30/2023 at 3:00 P.M. K. Burcham /AW Secretary
responded to Grievance Number: RNCC-23-INF-00623 "There
is no conspiracy here at River North. Your call was scheduled
and you was given a notice." However, this notice wasn't
timely-furnish for Plaintiff to make the scheduled attorney
call. K. Burcham/AW Secretary responded to Grievance
Number: RNCC-23-INF-00622 "This has already been
addressed through the written complaint process and you
withdrew the complaint." Then on 7/7/2023 R. Perry,
Manager of Ombudsman Services Unit responded to Grievance
Number: RNCC-23-INF-00622. Perry concurred with the
Institutional Ombudsman and the subsequent upholding of the
decision by the Regional Ombudsman. Perry stated: "Once the
form is processed, GTL staff will return it to the submitting
facility staff via email, who will notify the inmate or CCAP
probationer/parolee. As you stated, you were notified by R.
Burcham. It would then be up to your attorney to initiate
the call for an appointment." However, this is irrelevant
because the letter dated: 3/9/2023 from Charles E. Haden
stated: "I have arranged a phone conference through Ms.
Burcham at River North Correctional Center for you to
Page 9

call me on March 30, 2023, at 3:00 p.m." is contrary to Perry's position. In fact, the Notice of Attorney Block Request confirms that my attorney initiate the call for an appointment. Unfortunately, Perry nor Institutional Ombudsman have addressed Grievance Number: RNCC-23-INF-00954 which Plaintiff states: " You [Institutional Ombudsman] incorrectly upheld K. Burcham (AW Secretary) decision to deny my attorney block request which is RNCC Handbook: VI Attorney Phone Calls pg. 19 states:" It is the inmates responsibility to request a recording block to prevent recording monitoring an attorney call" and N: Attorney blocks pg. 34 states:" An Inmates may request a block on attorney calls to prevent monitoring of these calls." Plaintiff written a Facility Request(s) on 6/19/2023 to Warden - David Anderson about K. Burcham not processing my Attorney Block Requests. Assistant Warden - J. Bateman responded on 7/5/2023 which he stated:" K. Burcham is not going against procedure and has appropriately responded to your requests." This is untrue because between 3/31/2023 - 7/26/2023 an Attorney Block Request haven't been scheduled. Prior to that Facility Request on 6/19/2023, Plaintiff had written a Facility Request on 6/13/2023 for an Administrative Phone Call due to being on phone restriction for 30 days, expiring on 7/5/2023. K. Burcham /AW Secretary responded on 6/13/2023 stating:" Your attorney will need to contact me to schedule a call. You do not schedule your own attorney calls." River North Correctional Center Handbook

Page 10

VI. Attorney Phone Calls on pg. 19 states: "Use of the administrative telephone for the attorney and Inmate communication will be limited to bona fide emergencies where access through the Inmate Telephone System is not feasible." Then on 7/25/2023 I received a letter from Charles E. Haden that he "ask that an attorney conference call be scheduled for Mr. Burrell to call me on August 17, 2023, at 3:00 p.m." On 7/26/2023 at 2:07 PM, Mr. Haden sent an email to: rnccattorneyrequest@va-doc.virginia.gov for Ms. Burcham stating: "I have attached a letter request for a phone call from Inmate Burrell to Attorney Haden on August 17, 2023, at 3:00 p.m., at 757-766-2925." Nevertheless, on 8/17/2023 around 11 A.M. Sgt. L. Frazier accompanied with Correctional Officer Wyatt and others apprehended Plaintiff, taking him to Restricted Housing Unit from Medical, charging him with 201(a) Disobeying an order and 229(a) Being in an unauthorized area. Preceding being taken to RHU Sgt. L. Frazier confiscated Plaintiff's Notice of Attorney Request scheduled for 8/17/2023 at 3:00 P.M. This was verbally brought to the attention of Lt. Earhart whom told me that he would have to confer with Unit Manager CJ MacVean. Once I verbally spoke to Unit Manager CJ MacVean he stated: "I would have to receive an email from K. Burcham/AW Secretary for me to be allowed to make the attorney call," despite being told that Sgt. L. Frazier have the Notice of Attorney Request in her possession. This deadline to file my Reply Brief by

Page 11

9/5/2023 wasn't met because of staff prohibiting me from making this phone call. To support my argument I've mailed my Reply Brief to Charles E. Haden on 8/15/2023, per RNCC Mailroom - outgoing legal mail. On 8/17/2023 I've written a letter to Charles E. Haden to file the Reply Brief, per RNCC mailroom - outgoing legal mail. On 8/28/2023, A. John Vollino, Clerk mailed all parties that Appellant's Motion For Extension of Time to File Reply Brief on 8/15/2023 and 8/22/2023 was granted until 9/5/2023. On 10/4/2023 Charles E. Haden letter dated: 9/26/2023 was received stating: "No, I did not submit the Reply Brief." Mr. Haden admitted receiving Appellant's Reply Brief prior to 9/5/2023. Mr. Haden "apologize[d] for not understanding that [Appellant] wished for me to file the reply brief on your behalf." His reasons for not doing so isn't convincing, but one of those reasons was Plaintiff missed the scheduled attorney call on 8/17/2023 at 3:00 P.M. Therefore, Plaintiff has suffered an injury resulting from the ongoing missed attorney calls. To support this injury claim the Court of Appeals of Virginia issued an order on 10/30/2023 stating: "On August 28, 2023, this Court granted Burrell's motion for an extension of time to file his reply brief until September 5, 2023. The deadline passed with no brief filed. Burrell then filed the current motion on October 5, 2023, requesting an extension of time to file his reply brief." DOC OF 866.3

D. Access to an Attorney   1. Private Attorney

(b) States: Inmates and CCAP probationers/parolees can contact

Page 12

their attorney by mail and by telephone in accordance with in accordance with Operating Procedure 803.1, Inmate and Probationer/Parolee Correspondence, and Operating Procedure 803.3, Offender Telephone Service.

11. Legal Calls

4. Facility Staff will provide inmates assigned to a Restorative Housing Unit with institution specific information on how to contact their attorney of record through the Inmate/Probationer Parolee Telephone System during orientation; see Operating Procedure 841.4, Restorative Housing Units. (5- ACI-4B-25)

1 Therefore, my Sixth Amendment Right To Counsel have been violated and showing injury.

(b) Right To Access The Courts Violations: Written Complaint was filed by Plaintiff on 9/8/2023 with a Grievance Number: RNCC-23-INF-01699 about violation of Right To Access The Courts via Law Library Requests and Facility Requests being unanswered. On 9/14/2023 Unit Manager-C. MacLean responded stating: "Materials and appointments have been provided," which was untrue. I was unable to attend law library scheduled for 11/20/2023 - 11/21/2023 and 11/27/2023 - 11/30/2023 which I've written a written complaint on 11/29/2023. Grievance Number: RNCC-23-WRI-00379 with the Next Action Date: 12/14/2023. I've missed deadlines for Joel Burrell v. R.

Page 13

Topham, Civil Action No.# : 1:21-cv-00866-TSE/IDD which I had fourteen (14) days from Notice of Judgment filed on November 2, 2023. However, the Courts mailed the Notice of Judgment on 11/13/2023 (eleven (11) days later) which was received on 11/15/2023 by RNCC Mailroom and not delivered to me until 11/20/2023 (four (4) days after the deadline on 11/16/2023. Petition for Rehearing deadline has now been exceeded by late delivery from J. Harman-Intel. Therefore, an injury has been shown by the Plaintiff. In addition, Angela Boice Axselle, Esquire (VSB # 43864) and Joel M. McCray, Esquire (VSB # 38116) of Wimbish Gentile McCray & Roeber PLLC 8730 Stony Point Parkway, Suite 201, Richmond, VA 23235 filed a Motion To Dismiss-Reply Brief In Support of Wellpath, LLC on 11/6/23. A Roseboro Notice was included requiring that Plaintiff include a Notary and respond within 21 (twenty-one) days. Due to not receiving a Notary, Plaintiff had to file his responsive pleading without a Notary to meet deadline. This has also caused injury to Plaintiff in violation of Rights To Access The Courts. Then I submitted a Facility Request on 11/27/2023 to Law Library Amy Suits/ L. Adkins inquiring of the reasoning I wasn't allowed to go to Law Library scheduled appointments for 11/20/2023 - 11/21/2023 and 11/27/2023 - 11/29/2023. Law Library - M. Hart responded on 11/30/2023 to fill-out a new request. On 11/29/2023 M. Hart processed an Inmate Trust Withdrawal Request for $13.10 and $9.50 for case laws that Plaintiff hasn't

Page 14

received as of this date. On 12/1/2023 Plaintiff was charged with $13.10 and $9.50 by Business Office. Again on 12/4/2023 M. Hart filled-out another Inmate Trust Withdrawal Request which is not signed by Plaintiff for legal documents that Plaintiff didn't receive. The Business Office processed this request for $12.10 which was unauthorized by Plaintiff. On 12/5/2023 Counselor M. Dean delivered a red envelope attached with River North Correctional Center Law Library Material Distribution form with alleged paid cases. However, once Plaintiff opened the red envelope it included another River North Correctional Center Law Library Material Distribution with only those case laws not pertaining to the issue at hand involving deadline. Noting that a RNCC Law Library Material Distribution form is for legal document check-out for a period of fourteen (14) days. On 12/2/2023 Plaintiff written another Law Library Request which M. Hart rescheduled me for Law Library for 1/16/2024 - 1/22/2024 exceeding the deadline by fifty-nine days. On 11/28/2023 Plaintiff written a Facility Request to Counselor Mrs. Dean for notaries/copies which she responded on 11/30/2023 that "you are on the list." A second time on 11/30/2023 a Facility Request was written to Counselors Mrs. Dean, Mrs. Sheets, and Mrs. Newman for notary/copies which M. Dean responded on 12/4/2023 that "you are on the list." These actions have caused me to miss my deadlines on 11/17/2023 and 11/27/2023 whether their actions were deliberate or not.

Page 15

(C) Right To Access The Courts. On 8/14/2023 U.S. Court of Appeals for the Fourth Circuit sent a PLRA Notice For Appeals for Joel Burrell v. D. Shirley, No.#: 1:22-cv-00716-TSE-WEF. I've sent a Facility Request to Business Office for Prisoner Trust Account Statement for preceding 6 months which wasn't returned until 9/6/2023 eight (8) days after the deadline requiring The U.S. Court of Appeals for the Fourth Circuit sent Default(s) Must Be Remedied By: 9/20/2023 filed on 9/5/2023. I had mailed out the PLRA-Application, Consent to payment form, and Prisoner Trust Account Statement for preceding 6 months on 9/7/2023 and 9/15/2023. RNCC Mailroom-Outgoing Legal Mail reflects that Plaintiff has complied with Default(s) Must Be Remedied By: 9/20/2023. On 10/10/2023, Plaintiff written a letter to Clerk, Patricia S. Connor without a response. Again on 10/26/2023, Plaintiff written a letter to Clerk, Jeffrey S. Neal to follow-up on the submission of PLRA Application, Consent to Collection of Fees from Trust Account, and Prisoner Trust Account Statement for preceding 6 months. No response was received. On 11/1/2023 Grievance Number: RNCC-23-WRI-00030 was filed stating that the U.S. Court of Appeals for the Fourth Circuit didn't receive the PLRA Application, Consent to Collection of Fees from Trust Account, and Prisoner Trust Account Statement for preceding 6 months. The next action date: 11/16/2023 has surpassed without a response. The Grievance Number: RNCC-23-WRI-00377 was

filed by Plaintiff stating: "I have requested via facility request, written complaints and regular grievances about concerns I'm having @ RNCC, but they never been processed from 11/5/2023 - currently." This is an indication that staff is suppressing my written complaints and regular grievances about concerns I'm having @ RNCC. This to impede the exhaustion of grievance procedure. Therefore, you can infer the contents of the envelopes were withdrawn prior to mailing it to the court. This have caused me to default on remedy by: 9/20/2023 which Plaintiff have proof via RNCC Mailroom - Outgoing Legal Mail copies that he timely complied. You can also infer that HR Sutifin delay in returning Prison Trust Account Statement preceding 6 months. Then also on 11/6/2023 and 11/8/2023, Plaintiff's mail has been tampered with by mailroom to Hampton Freedom of Information Act, 22 Lincoln Street, Hampton, VA 23669 - USPS tracking#: 9114 9014 9645 1911 7680 04. The envelope was mailed out, but returned without a return to sender label and added extra postage. When I contacted Hampton FOIA on 12/1/2023, Hampton FOIA claimed to not have FOIA request as the contents being withd. this a Rights To Access The Courts, b. Protected Free Speech violation.

F. State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes. continuation: for to be allowed access to utilize USB Flashdrive to proceed with Post-Conviction Remedies. J. Harman - Intel sued in his individual capacity $50,000 and official capacity for $500,000; and Punitive Damages for $350,000; Mailroom $1,000,000 in official capacity and Punitive Damages for $350,000; Harold Clarke sued in his official capacity for $1,000,000 custom and policy prohibiting prisoners from accessing case data via USB Flashdrive and Punitive Damages $350,000; L. Adkins / Law Library sued in her official capacity for $75,000 and Punitive Damages for $350,000. Claim 1(b): Plaintiff seek for a Temporary Restraining Order that the mailroom not only provide USPS tracking #: 9114 9014 9645 1411 7689 12 but confirmation that it reached its destination to Smithhaw firm; P.L.C. The Ethel D. Smith Building, 133 Kings Way, Suite 3000, Hampton, Virginia 23669 unaltered. J. Harman - Intel sued in his individual capacity for $25,000 and official capacity $250,000. Claim 2 (a): Sgt. L. Frazier sued in her individual capacity for $100,000 and official capacity $500,000 and Punitive Damages for $350,000; K. Burcham sued in her individual capacity for $200,000 and official capacity for $750,000 and Punitive Damages for $350,000; CJ MacVean sued in his individual capacity for $400,000 and official capacity $1,000,000 and Punitive Damages for $350,000; Earhart sued in his individual

Page 2

capacity for $30,000 and official capacity for $50,000 and
Punitive Damages for $350,000; and R. Perry sued in his/her
individual capacity for $50,000 and official capacity for
$75,000 and Punitive Damages for $350,000. Claim 2(b):
Warden-David Anderson sued in his official capacity for
$1,000,000 and individual capacity for $250,000 for having
lockdown D-1 in an Equal Clause Protection violation and
Right To Access The Courts violation and Punitive Damages
for $350,000; L. Adkins sued in her official capacity for
$15,000 and individual capacity $10,000 and Punitive
Damages for $350,000. Claim 2(c): Mailroom in its official
Capacity for $3,000,000 and Punitive Damages for $350,000;
H.R. Sutfin for $150,000 in individual capacity and $1,000,000
in her official capacity and $350,000 in Punitive Damages.
M. Dean sued in her official capacity $15,000; and M. Hart
sued in her official capacity for $15,000.

Joel Harlow Buckner Ub1114138
VA DOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

✓

Clerk, United
210 Franklin
Roanoke, VA



**UNITED STATES POSTAL SERVICE®**

**USPS TRACKING #**

9114 9014 9645 1941 7765 36

LAB400R  Aug 2013
7690-17-000-0669

Legal Mail



VADOC NEITHER
CENSORED NOR INSPECTED
THIS ITEM AND ASSUMES NO
RESPONSIBILITY FOR ITS CONTENTS

US POSTAGE PITNEY BOWES

ZIP 24348    $ 009.80⁰
02 4W
0000366848 JAN 10 2024



States District Court
Road, SW, Suite 540
24011 - 2208

RECEIVED
JAN 10 2024
RNCC Mailroom
Outgoing Legal Mail